[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10811
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2010
JOHN LEY
CLERK

D.C. Docket Nos. 8:07-cv-01961-SCB-TGW, 8:04-cr-00546-SCB-TGW-1

SAMUEL DAVIS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2010)

Before EDMONDSON, BLACK and FAY, Circuit Judges.

PER CURIAM:

Samuel Davis, Jr., a federal prisoner proceeding through counsel, appeals

the denial of his motion to vacate, 28 U.S.C. § 2255, in which he alleged, *inter*

*alia*, ineffective assistance of trial counsel.  Davis contends his trial counsel's advice fell below the norms of "professionally competent assistance" when she assured him he would not jeopardize his eligibility for an acceptance-of-responsibility reduction if he maintained his not guilty plea and proceeded to a largely stipulated bench trial.  Davis further claims he suffered prejudice because he would have pled guilty, but for trial counsel's constitutionally deficient advice.  The district court granted a certificate of appealability on the following issues:

> (1)  Whether trial counsel's actions and advice fell below the norms of "professionally competent assistance" and therefore was constitutionally deficient under the Sixth Amendment; and

> (2)  Whether Petitioner showed a reasonable probability that Petitioner suffered prejudice because the results of the criminal proceeding would have been different, but for trial counsel's constitutionally deficient errors.

After review, we affirm the district court's denial of the motion to vacate.[1]

Criminal defendants have a right to effective assistance of counsel. *Strickland v. Washington*, 104 S. Ct. 2052, 2063 (1984).  To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of

---

[1]"Whether a criminal defendant has received ineffective assistance of counsel is a mixed question of fact and law." *Mincey v. Head*, 206 F.3d 1106, 1142 (11th Cir. 2000).  We review for clear error questions of fact underlying the claim and review *de novo* the district court's decision on the ultimate issue of "whether counsel's performance passed constitutional muster." *Id.*

reasonableness, and (2) he suffered prejudice as a result of that deficient performance. *Id.* at 2064-65. The two-part *Strickland* test applies to ineffective-assistance claims concerning both the decision to accept a guilty plea offer and the decision to forgo a plea offer and stand trial. *Coulter v. Herring,* 60 F.3d 1499, 1504 n.7 (11th Circuit 1995). The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 106 S. Ct. 366, 369 (1985) (quotation omitted). There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Strickland*, 104 S. Ct. at 2065.

The offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense," should be decreased by two levels. U.S.S.G. § 3E1.1(a) (2004). While the reduction is not intended to apply to a defendant who puts the government to its burden of proof by standing trial, conviction by trial "does not automatically preclude a defendant from" an acceptance-of-responsibility reduction. *Id.*, comment. (n.2).

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each

3

such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

*Id.* In contrast, "[a] defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] as a matter of right," as his guilty plea and admission of guilt may be "outweighed by conduct . . . that is inconsistent with . . . acceptance of responsibility." *Id.*, comment. (n.3).

The performance of Davis's trial counsel was not constitutionally deficient. First, counsel testified during the evidentiary hearing, and the district court made a factual finding that counsel never guaranteed Davis he would receive an acceptance-of-responsibility reduction. This finding was not clearly erroneous as it is supported by the record, which shows counsel consistently assured Davis that he would not jeopardize his eligibility for the acceptance-of-responsibility reduction, but also indicated she was not certain the district court would award the reduction. Moreover, the district court specifically credited counsel's testimony that she made no guarantee of the reduction over Davis's testimony to the contrary. This credibility determination was within the district court's province as fact finder. *See Carr v. Schofield*, 364 F.3d 1246, 1265 (11th Cir. 2004) (determining the credibility of a testifying attorney during an evidentiary hearing on an ineffective

assistance-of-counsel claim is "within the province of the district court, which has the opportunity to observe and study the witness.").

Further, counsel's advice that Davis would not jeopardize his eligibility for a two-level, acceptance-of-responsibility reduction by proceeding to a bench trial, in which he did not contest his factual guilt was consistent with the commentary to § 3E1.1. *See* U.S.S.G. § 3E1.1, comment. (n.2) (2004). While counsel admittedly failed to take into account Davis's pretrial conduct and its impact on Davis's eligibility for the reduction, considerations which would have informed her assessment of Davis's likelihood of receiving the reduction, this possible error did not render counsel's performance constitutionally deficient. U.S.S.G. § 3E1.1, comment. (n.2) (2004); *see also Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (noting a criminal defendant is "not entitled to error-free representation"). Davis's pretrial conduct was relevant to the acceptance-of-responsibility inquiry whether he pled guilty or stood trial.

Because trial counsel's performance was not constitutionally deficient, we need not address whether Davis was prejudiced by his counsel's alleged errors. *See Strickland*, 104 S. Ct. at 2069 (stating there is no reason for a court deciding an ineffective-assistance-of-counsel claim to approach the inquiry in the same order, or even to address both components of the inquiry, if the prisoner makes an

5

insufficient showing on one). Accordingly, we affirm the district court's order denying Davis's § 2255 motion.

**AFFIRMED**.